\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SONJA BLAKE,

        Plaintiff,

  v.

Case No. 23-cv-443-pp

FAY SERVICING, LLC,

        Defendant.

## ORDER GRANTING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 11)

On October 6, 2023, the plaintiff filed a Civil Local Rule 7(h) (E.D. Wis.) expedited, non-dispositive motion to compel the defendant to produce four audio recordings of telephone calls, which the defendant previously had indicated it would produce. Dkt. No. 11. The plaintiff's motion asked that, under Federal Rule of Civil Procedure 37(a)(5), the defendant be required to bear the costs associated with bringing the motion to compel. Id. at 3. On October 13, 2023, the defendant filed a brief in opposition, arguing that the motion should be denied because on October 12, 2023—the previous day—the defendant had produced to the plaintiff three of the four requested recordings. Dkt. No. 13. The defendant explained that it "also informed Plaintiff that while it was obtaining the requested recordings, it discovered that one of the calls for which a recording was requested was not recorded." Id. at 2. The defendant did not respond to the plaintiff's request for attorney's fees.

1

On October 18, 2023, the court ordered the plaintiff to notify the court whether she was satisfied that she had received the discovery she requested or whether she wished to pursue her motion to compel. Dkt. No. 15. In response to the court's order, the plaintiff indicated that she is satisfied with the defendant's production in response to her motion to compel but, given the fact that the recordings were produced only after the motion was filed, renewed her request that the court enter an order awarding attorney's fees. Dkt. No. 16 at 1.

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> [I]f the disclosure or requested discovery is provided after the motion [to compel] was filed[,] the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The rule further states that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The plaintiff filed her expedited motion to compel on October 6, 2023, twenty-nine days after the defendant first stated it would be willing to produce the calls and twenty-eight days after the plaintiff had asked if the defendant was "able produce them by September 22, 2023." Dkt. No. 11 at 3 (citing Dkt. No. 12-3 at 1). Six days after the plaintiff filed her motion to compel—and one day before the defendant's deadline for responding to the motion expired, see Civil L.R. 7(h)(2)—the defendant produced three of the four requested audio

2

recordings. Dkt. No. 13. The following day, the defendant responded to the plaintiff's motion, arguing that the court should deny it because the defendant had produced the requested audio recordings on the previous day. Id. But the defendant did not address the plaintiff's request for attorney's fees, nor did it explain its delay in producing the audio recordings.

The court will grant the plaintiff's request for reasonable attorney's fees associated with bringing her motion to compel. The defendant produced the requested audio recordings—which it previously had stated that it would produce—only after the plaintiff filed the motion to compel. In responding to the motion, the defendant asserts that it made the requested production, but does not explain why it did so only after the plaintiff filed a motion to compel and does not explain why the court should not grant the plaintiff's request for attorney's fees. The plaintiff is entitled to attorney's fees under Fed. R. Civ. P. 37(a)(5)(A).

The court **GRANTS IN PART AND DENIES AS MOOT IN PART** the plaintiff's Civil Local Rule 7(h) motion to compel discovery. Dkt. No. 11. The court **DENIES AS MOOT** the plaintiff's request to compel the defendant to produce the four audio recordings. The court **GRANTS** the plaintiff's request for reasonable attorney's fees incurred in bringing the plaintiff's motion to compel.

The court **ORDERS** that by the end of the day on **November 20, 2023**, the plaintiff must file documentation of reasonable attorney's fees incurred in

bringing the motion to compel. The defendant must file any objections to the requested amount by the end of the day on **November 30, 2023**.

Dated in Milwaukee, Wisconsin this 13th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**