UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SONJA BLAKE,

        Plaintiff,

v.

        Case No. 23-cv-443-pp

FAY SERVICING, LLC,

        Defendant.

---

**ORDER CONSTRUING DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FEE PETITION AS MOTION TO RECONSIDER AND DENYING THAT MOTION (DKT. NO. 32), GRANTING PLAINTIFF'S FEE PETITION (DKT. NO. 27), AWARDING ATTORNEY'S FEES, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 21), DENYING PLAINTIFF'S MOTION TO DISMISS (DKT. NO. 39) AND DISMISSING CASE WITH PREJUDICE**

---

On March 9, 2023, the plaintiff filed a complaint in Racine County Circuit Court, alleging that in February 2019, the defendant improperly put force placed insurance on her property, did not accept her proof of insurance and cancel the force placed policy until September 2019 and then reinstated the allegedly overpriced, unnecessary and excessive force placed insurance. Dkt. No. 1-1. The plaintiff alleged violations of the Real Estate Settlement Procedures Act (RESPA) and Wis. Stat. §224.77 ("Prohibited acts and practices, and discipline, of mortgage bankers, mortgage loan originators, mortgage brokers, and registered entities."). Id. On April 5, 2023, the defendant removed the suit to this federal court, dkt. no. 1, and on April 12, 2023, it filed its answer, dkt. no. 5. The parties filed a Rule 26(f) plan on April 24, 2023, dkt. no. 7, and on May 1, 2023, the court issued a scheduling order, dkt. no. 9. The scheduling order set a deadline for November 15, 2023 for the close of

1

discovery and required any party wishing to file a dispositive motion to do so by December 15, 2023. Dkt. No. 9.

On October 6, 2023, the plaintiff filed a Civil Local Rule 7(h) (E.D. Wis.) motion to compel discovery. Dkt. No. 11. The plaintiff argued that the defendant had not turned over recorded phone calls relating to the force placed insurance; the plaintiff argued that these phone calls were "communications" that she had demanded in her May 12, 2023 discovery request. Id. at 1-3. The defendant responded that it had produced three of the four requested recordings and that a fourth did not exist. Dkt. No. 13. The court ordered the plaintiff to notify the court whether she was now satisfied with the discovery she had received. Dkt. No. 15. She responded that she was satisfied, but she asked the court to award her attorneys' fees. Dkt. No. 16.

Although the plaintiff filed that response on October 24, 2023, the court did not rule on it immediately. A week later, on November 1, 2023—two weeks before the deadline for completing discovery was to expire—the plaintiff filed a Civil L.R. 7(h) motion asking the court to extend the deadlines the court had imposed in May 2023. Dkt. No. 17. She explained that now that she had the recorded phone calls, she wanted to depose the defendant and possibly issue third-party subpoenas. Id. at 1. She proposed that the court extend the discovery and dispositive motions deadlines by two months, to January 15, 2024 and February 15, 2024, respectively. Id. at 2.

The defendant opposed this motion. Dkt. No. 18. The defendant asserted that it had timely produced all the required discovery back in July of 2023, and argued that it had provided the three recorded phone calls (and a voice mail transcript), it had done so to avoid motion practice and to resolve a discovery

2

dispute, not because it believed that those items were relevant to the plaintiff's RESPA claim. Id.

On November 13, 2023, the court issued an order denying as moot the plaintiff's motion to compel discovery but granted her request for an award of attorneys' fees. Dkt. No. 20. It ordered that by day's end on November 20, 2023, the plaintiff must file documentation of her fees incurred in bringing the motion to compel, and gave the defendant a deadline of November 30, 2023 by which to object to those fees. Id. at 3-4.

The next day—November 14, 2023—the defendant filed a motion for summary judgment, dkt. no. 21, supporting brief, dkt. no. 22, proposed findings of fact, dkt. no. 23, an affidavit, dkt. no. 24 and an affidavit with exhibits, dkt. no. 25. At that point, the deadline for filing summary judgment motions remained December 15, 2023—the court had not ruled on the plaintiff's motion to extend the discovery and dispositive motions deadlines. The defendant argued that it initially had put force placed insurance on the property because the original borrower—Ernest Blake—had died in 2018 and the defendant had no proof of his death or proof that the plaintiff was his successor in interest. Dkt. No. 22 at 2. It argued that once the plaintiff and her counsel provided the defendant with Mr. Blake's death certificate and it was able to confirm that the policy the plaintiff had identified covered the property, it rescinded the force placed insurance and refunded the premium to the plaintiff's account. Id. It further explained that in November 2020, the defendant received notice from the plaintiff's insurance carrier that she'd canceled her coverage. Id. After sending the plaintiff two notices reminding her that she was required to insure the property—to no avail—the defendant again force placed insurance and charged the plaintiff's account. Id. at 2-3. Once the

plaintiff obtained coverage, the defendant canceled the policy and refunded the portion of the premiums that applied during the period the plaintiff's policy was in force. Id. at 3. The plaintiff's response to this motion was due December 15, 2023.

On November 20, 2023, the plaintiff's counsel filed her fee petition, asking for $2,512.50 in attorneys' fees incurred in preparing the motion to compel. Dkt. Nos. 27 (petition), 28 (counsel's declaration), 29 (declaration of comparator counsel).

The following day—November 21, 2023—the court held a hearing on the plaintiff's motion to modify the scheduling order. Dkt. No. 31. As it had in its opposition brief, the defendant argued that no modification was necessary and that it had turned over all evidence relevant to the RESPA claim in July 2023. Id. at 1. It also argued that the plaintiff had had plenty of time to conduct depositions and/or request third-party subpoenas. Id. After discussion—and after advising the plaintiff's counsel that notifying the defendant that she needed to conduct depositions might have helped—the court granted the motion to modify the scheduling order. Id. at 2. It extended the discovery deadline to January 15, 2024. Id. It ordered the plaintiff to respond to the defendant's summary judgment motion by February 16, 2024, and ordered that if the defendant wanted to file a reply in support of its summary judgment motion, it must do so by March 8, 2024. Id.

A week later, the defendant filed its response in opposition to the plaintiff's fee petition. Dkt. No. 32. In reality, it was a motion asking the court to reconsider its order granting the plaintiff's fee request, although it was not styled that way and did not mention the rules governing motions to reconsider. It argued that its delay in producing the recorded calls was justified because

4

the recordings were not in a borrower's servicing file, they had to be located and extracted from recordings that the defendant maintained for all borrowers across their servicing platform and the defendant had been required to convert the recordings into a form that would allow production. Id. at 1-2. The defendant denied that it promised the plaintiff the recordings by September 22, 2023; it said that the *plaintiff's counsel* had imposed that deadline. Id. at 2. It also argued that it produced the recordings as a supplement to its discovery responses while the discovery period was still open, so any delay in producing them had not prejudiced the defendant. Id. It pointed out that the plaintiff's counsel had stated in notice to the court regarding the motion to compel (Dkt. No. 16 at 1) that she was satisfied with the defendant's written responses to the plaintiff's discovery demands. Id.

The defendant also argued that the plaintiff's counsel had asked for fees that were not incurred in filing the motion to compel. Id. It asserted that counsel had included in her fee petition 4.1 hours for preparing her fee petition—almost double the 2.6 hours she'd requested for preparing and filing the motion to compel. Id. at 3. Finally, the defendant argued that the fee request was unreasonable because, when presented with the plaintiff's fee demand, the defendant had offered to pay the 2.6 hours' worth of fees it had taken the plaintiff's counsel to prepare the motion to compel, but counsel had responded that "the fee payment would only resolve her fee demand for the pending motion to compel but not all discovery disputes." Id. at 3. The defendant argues that by October 25, 2023, when the plaintiff notified the court that she was satisfied with the discovery she'd received from the defendant, there *were no other* outstanding discovery requests or unresolved discovery disputes. Id. at 3-4. The defendant argued that the plaintiff could

have resolved all this by accepting the defendant's offer to pay the plaintiff's counsel for the 2.6 hours to prepare the motion to compel, but that instead, counsel expended another 4.1 hours preparing an unnecessary fee petition. Id. at 4. The defendant asked the court to either deny counsel's fee request or reduce the demand to the $975 the defendant had offered to pay for the 2.6 hours it took the plaintiff's counsel to prepare the motion to compel. Id.

The plaintiff's counsel did not file a reply or respond to the defendant's arguments, and the court did not promptly rule. Forty-five days passed, and then on January 15, 2024—the day the discovery deadline was to expire—the plaintiff filed a Civil L.R. 7(h) motion to modify the scheduling order. Dkt. No. 35. The plaintiff asked for a one-week extension, explaining that the plaintiff's counsel had conducted a Rule 30(b)(6) deposition of the defendant on January 9, 2024, but that there had been a few questions the defendant's corporate counsel had been unable to answer. Id. at 1. The plaintiff explained that the parties agreed to have the plaintiff's counsel serve written questions; the questions were served on January 10, 2024, but according to counsel, "due to the schedule of the deponent, the questions have not yet been answered." Id. The plaintiff advised the court that defense counsel had stated that he'd agreed to an extension to allow the deponent to answer the questions but that he wasn't sure what the length of the extension should be. Id. The plaintiff asked the court to extend both the discovery deadline and her deadline for responding to the defendant's summary judgment motion by one week. Id. at 2. The court granted that motion, extending the discovery deadline to January 22, 2024 and the deadline for the plaintiff to respond to the summary judgment motion to February 23, 2024. Dkt. No. 36.

On January 22, 2024—again, the day the discovery deadline was to expire—the plaintiff filed yet another Rule 7(h) motion to modify the scheduling order. Dkt. No. 37. The plaintiff explained that the deponent still had not answered the written questions, and that when the plaintiff's counsel had contacted defense counsel to find out if those written responses would be provided by the end of the day January 22, 2024, counsel had received no response. Id. Counsel asked for a two-week extension of the discovery and summary judgment deadlines. Id. The court granted this motion, extending the deadline for completing discovery to February 5, 2024 and the deadline for the plaintiff to respond to the defendant's motion for summary judgment to March 8, 2024. Dkt. No. 38.

The plaintiff did not file a response to the motion for summary judgment by March 8, 2024, nor did she ask for another extension. Instead, on March 8, 2024, the plaintiff filed a motion to dismiss. Dkt. No. 39. The motion—one paragraph, consisting of four sentences—asks the court to dismiss her case "after an order is entered regarding the pending issue of reasonable attorney fees for a discovery motion brought last year." Id. She cited the court's order granting her attorneys' fees for the motion to compel, as well as her fee petition and supporting documentation and the defendant's opposition brief. Id.

The defendant opposes the motion to dismiss. Dkt. No. 40. It points out that at the time it filed its opposition, its summary judgment motion had been pending for four months without a response from the plaintiff. Id. at 2. It alleges that the plaintiff seeks to dismiss the case "to avoid summary judgment and after [the defendant] has spent significant legal fees and costs in order to respond to discovery requests, to oppose a petition for payment of unreasonable fees, and to prepare and file a summary judgment motion that

7

disposes of this case." Id. The defendant reiterates the arguments it made asking the court to reconsider its order granting the plaintiff attorneys' fees. Id. at 3. It asserts that the court "should not reward the Plaintiff's counsel with payment of any [fees] in a case where [the defendant] responded to all discovery requests, any delay [in] production has not caused any prejudice in this case, and Plaintiff herself now concedes that she has no viable cause of action against [the defendant]." Id. at 3. The defendant asks the court to deny the plaintiff's motion to dismiss and to deny her fee request. Id.

I. **Defendant's Response in Opposition to Plaintiff's Fee Petition (Dkt. No. 32)**

As the court has explained, the defendant's response to the plaintiff's petition for attorney's fees is, in the main, a request for the court to reconsider its order awarding fees. The court concluded that the plaintiff was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A). Dkt. No. 20 at 3. A Rule 37 sanction "neither end[s] the litigation nor [leaves] the court only to execute its judgment[,']" which means that it "ordinarily would not be considered a final decision under [28 U.S.C.] § 1291." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999). Rule 54(b) states that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and the parties' rights and responsibilities." That means that this court has the authority to revise its order awarding the plaintiff attorney's fees if it feels such a revision is warranted. The court construes the defendant's response in opposition as a Rule 54(b) motion to revise its order.

The defendant filed its opposition to the plaintiff's motion to compel on October 13, 2023. Dkt. No. 13. The response advised the court that the defendant had turned over discovery responses on July 12, 2023. Id. at 1. It explained that subsequently, counsel for both parties met to discuss "perceived discovery deficiencies" and to discuss the defendants objections to certain discovery requests. Id. The defendant said that it had told counsel for the plaintiff that it was "willing to produce recordings in its possession of four calls between Plaintiff and [the defendant] regarding force-placed insurance." Id. The defendant said it offered that if there were other calls the plaintiff believed were relevant to her claims, she should identify those by date and time stamps in the comment log; the defendant said the plaintiff never identified any additional calls. Id. at 1-2. The defendant reported that it had produced recordings of three calls on October 12, 2023, that it had discovered that the fourth call—an outgoing call from the defendant to the plaintiff in which the defendant had left a voicemail—had not been recorded and that the message the defendant had left was reflected in an already-produced call log. Id. at 2.

After explaining these facts, the defendant argued that the court should deny the motion to compel because it had produced the recordings the plaintiff had requested. Id. It stated that it had "produced a significant amount of discovery that is all relevant to Plaintiff's claims," and asserted that there could be "no grounds for Plaintiff to see more than what has already been produced considering the proportionality of what has been produced with the facts and claims in this case." Id. That was the entirety of the defendant's arguments. The defendant did not argue that its written discovery responses had provided all the information it had relevant to the plaintiff's RESPA and Wisconsin law claims. It did not explain that it had taken significant time to obtain the

recordings because of the way they were stored or because they'd had to be converted to a usable format. It did not explain that the plaintiff's counsel—not defense counsel—had suggested that the defendant produce the recordings by September 22, 2023. In fact, the court noted in its order ruling on the plaintiff's motion to compel that the defendant "did not address the plaintiff's request for attorney's fees, nor did it explain its delay in producing the audio recordings." Dkt. No. 20.

Rule 37(a)(5)(A) is titled "If the Motion [to Compel] Is Granted (*or Disclosure or Discovery is Provided After Filing*)." (Emphasis added.) It states that if the disclosure or requested discovery is provided after the motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The rule goes on to say that the court must *not* order the payment of expenses if "(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." As the court explained in its order, the defendant produced the recorded phone calls (and the one voicemail transcript) only after the plaintiff had filed the motion to compel. Dkt. No. 20 at 3. Although the defendant had the opportunity to "be heard" by responding to the motion to compel, it did not explain its delay in producing the recordings or explain its theory that the recordings were not relevant to the plaintiff's claims. The defendant's post-ruling arguments do not convince the court that the award of expenses was unjust—the defendant provided the court more detail about the delay than it did the plaintiff (whom defense counsel told in a September 18, 2023 email only that "[t]he time and

expense we are referring to comprise the efforts that our client must undertake in order to produce the call recordings and transcripts, which in effect mirror the written communications between [the plaintiff] and [the defendant])." Dkt. No. 12-3 at 1.

The court will not reconsider its order granting the plaintiff's request for attorney's fees.

**II.   The Plaintiff's Fee Petition (Dkt. No. 27)**

The plaintiff has asked the court to award 6.7 hours of attorney's fees. Dkt. No. 27 at 1. The plaintiff's counsel explains that her hourly rate was $375, resulting in a request for a total of $2,512.50 for the 6.7 hours. Id. at 2. The declaration of counsel reflects that between October 6, 2023 and November 13, 2023, she spent 6.1 hours drafting the motion to compel and accompanying declaration, reviewing the defendant's response, communicating with opposing counsel, reviewing the court's order requiring her to give notice whether she was satisfied with the discovery, talking with her client, drafting and filing the notice advising the court whether she was satisfied with the discovery and reviewing the court's order. Dkt. No. 28 at 4. Counsel spent the remaining 1.6 hours drafting her fee petition declaration, reviewing the fee declaration for the comparator counsel and editing the fee petition and declaration. Id.

The defendant objects that the plaintiff spent only 2.6 hours preparing the motion to compel but has asked to be reimbursed for 4.1 hours spent preparing filings "in pursuit of her fees." Dkt. No. 32 at 3. It asserts that "no part of Rule 37 allows an attorney to receive a larger fee reimbursement for the costs and fees that were spent to prepare the fee request than to reimburse counsel for the actual discovery dispute fees." Id.

11

The defendant also argues that the plaintiff's request for fees is unreasonable. In the November 20, 2023 fee petition, the plaintiff inserted the following footnote on page 1:

> After the recordings were produced, Plaintiff's counsel emailed Defendant's counsel on October 13, 2023 to see if [the defendant] would agree to pay the time associated with filing the motion to compel (specifically stating it was 2.6 hours at $375/hour). Plaintiff's counsel warned that there would be additional time spent requesting the Court to award fees and preparing a fee petition. Had [the defendant] agreed to pay this, this would have saved Plaintiff's counsel the additional time expended after October 13, 2023, and it would have also saved [the defendant] the expense of paying the additional time.

Dt. No. 27 at 1 n.1.

In its opposition brief, the defendant responded to this assertion:

> Plaintiff's counsel footnotes her effort to resolve this dispute prior to pursuing the fee petition, but counsel omits a critical fact that [the defendant] offered to pay her the 2.6 hours in fees. (ECF No. 27 at p. 1 fn. 1.) [Defense] counsel responded to Plaintiff's counsel's October 13, 2023 fee demand on October 16, 2023 with an offer to pay counsel the 2.6 hours at $375/hour if that payment would resolve the discovery dispute. (Declaration of Attorney Corey Swinick, Exhibit A.) Plaintiff's counsel responded that the fee payment would only resolve her fee demand for the pending motion to compel but not all discovery disputes. (Id.).

Dkt. No. 32 at 3. The defendant goes on to argue that there were no further outstanding discovery disputes, alleging that the plaintiff's counsel simply "ignored [the defendant's] offer, ignored the status of discovery, and proceeded with a patently unreasonable effort to charge [the defendant] for unnecessary time spent on a fee petition." Id. at 4.

Defense counsel attached to his opposition an email chain between himself and the plaintiff's counsel. Dkt. No. 33-1. In an email dated October 12, 2023, defense counsel provided the plaintiff's counsel with the recordings and asked that she withdraw the motion to compel. Id. at 3-4. The next day—

12

October 13, 2023—the plaintiff's counsel responded, explaining that she'd been out of the office the previous day. Id. at 3. She asked whether the defendant would agree to pay her "the time associated with . . filing the motion (currently 2.6 hours at $375/hour)?" Id. She opined that Rule 37(a)(5)(A) would require the court to award her attorney's fees but said that if the defendant "agreed to settle the issue, that would cut the amount of time that I need to bill on the issue since I would not need to file a request for a reply or a fee petition." Id. The plaintiff's counsel asked defense counsel to respond by October 16, 2023. Id. On October 16, 2023, defense counsel responded by asking whether "this"—presumably the defendant's payment of the 2.6 hours at $375/hour—would be a "resolution of all of your discovery objections?" Id. at 2. Defense counsel stated, "We will have a tough time selling payment of fees/costs to [the defendant] unless it resolves all outstanding discovery objections. We are just trying to eliminate a lot of back and forth. Please let us know if you'd like to discuss. Thank you." Id. The plaintiff's counsel responded the same day, "It would resolve fees on the pending motion to compel. That's the only thing currently before the court to be resolved." Id. at 1-2. The next day—October 17, 2023—defense counsel wrote, "Our goal is to resolve all fact discovery disputes. We are just trying to avoid repeating this process. Do you have other outstanding discovery issues? Thank you." Id. at 1. The final email is from the plaintiff's counsel, stating, "Discovery is still open, and I can't guarantee that there are no other outstanding discovery issues. The motion just deals with the four recordings (which apparently now there are only three)." Id.

  In their briefs, both parties mischaracterized their interactions. The plaintiff's fee petition left the impression that the defendant had flatly rejected the plaintiff's counsel's request to settle the dispute by paying her for 2.6 hours

at $375/hour, without revealing that the defendant had explored the contours of the offer with her. The defendant's opposition brief left the impression that defense counsel had made an offer to pay the 2.6 hours at $375 an hour (he did not) and that the plaintiff's counsel had ignored the fact that there was only the one discovery dispute pending (she did not). At the time of these email exchanges, the deadline for completing discovery was November 15, 2023 (Dkt. No. 9); defense counsel was asking the plaintiff's counsel to guarantee, a month before the close of discovery, that if the defendant paid the 2.6 hours' worth of fees, the plaintiff would not raise any other discovery disputes—something the plaintiff's counsel could not do.

That said, the plaintiff has the better of a bad argument. Defense counsel did not explain to the plaintiff's counsel why obtaining the recordings was difficult and time-consuming, causing the plaintiff's counsel to file a motion to compel. That motion apparently prodded the defendant to obtain the recordings and provide them to the plaintiff's counsel a day before the defendant's opposition brief was due under Civil L.R. 7(h). When defense counsel asked the plaintiff's counsel to withdraw the motion to compel in light of having received the recordings, the plaintiff's counsel asked for fees for the 2.6 hours she'd spent preparing the motion to compel; rather than simply agreeing, defense counsel implied that the defendant would not accede to that request unless the plaintiff's counsel could guarantee that there would be no further discovery disputes, even though there was a month left during the discovery period.

The court overrules the defendant's objection to the reasonableness of the plaintiff's request for attorney's fees. The court will grant the plaintiff's fee

14

petition (Dkt. No. 27) and will award the plaintiff's counsel $2,512.50—6.7 hours at $375/hour.

### III. Defendant's Motion for Summary Judgment (Dkt. No. 21)/Plaintiff's Motion to Dismiss (Dkt. No. 39)

In its original scheduling order, the court required the parties to file dispositive motions by December 15, 2023. Dkt. No. 9. This was the date the parties had proposed in their Rule 26(f) plan. Dkt. No. 7 at 3.

As the court has recounted, on November 1, 2023—about 45 days before the dispositive motion deadline—the plaintiff asked the court to modify the scheduling order. Dkt. No. 17. Her reason for making the request was that she'd just recently gotten the recordings—she wanted to depose the defendant and possibly subpoena some third parties. Id. at 1. The defendant filed its opposition the next day; at the end of that opposition, it stated that it was "prepared to request summary judgment and will file that motion within the next week." Dkt. No. 18 at 4. Twelve days later, the defendant filed its motion for summary judgment—a full month before the dispositive motion deadline. Dkt. No. 21. Under Civil L.R. 56(b)(2), the plaintiff's opposition materials were due within thirty days of the service of that motion—by around December 15, 2023.

As explained, on November 21, 2023, the court held a hearing on the plaintiff's motion to modify the scheduling order. Dkt. No. 31. At the hearing, the plaintiff's counsel focused on the discovery that she said she needed to conduct after having received the recorded phone calls—a Rule 30(b)(6) deposition of the defendant and information from a third-party insurance company. Id. at 1-2. The court modified the scheduling order, dkt. no. 31, but the plaintiff's counsel sought two further modifications—again, for the purpose of obtaining discovery, dkt. nos. 35, 37. In granting the most recent request,

15

the court gave the plaintiff a deadline of March 8, 2024 by which to respond to the defendant's two-page summary judgment motion and ten-page brief. By March 8, 2024, the plaintiff's counsel had had almost four months to respond to the summary judgment motion.

Instead, counsel filed a motion to dismiss. Dkt. No. 39. The motion does not cite a rule or authority. It states only that the plaintiff asks the court to dismiss her case after it orders payment of her attorney's fees.

The plaintiff has not responded to the defendant's motion for summary judgment. Civil L.R. 56(b)(4) says that the court will "deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." The court deems the defendant's proposed findings of fact (Dkt. No. 23) uncontroverted. Civil L.R. 56(b)(9) states that failure to comply with the requirements in the rule—such as timely filing opposition materials to a motion for summary judgment—"may result in sanctions up to and including the Court denying or granting the motion." The plaintiff has not complied with the requirements in the rule.

Federal Rule of Civil Procedure 41 governs dismissal of lawsuits and Rule 41(a) addresses voluntary dismissal by the plaintiff. Rule 41(a)(1) states:

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

16

Case 2:23-cv-00443-PP   Filed 06/20/24   Page 16 of 18   Document 41

This provision does not apply to the plaintiff's motion to dismiss. She did not file her motion before the opposing party answered. She did not file her motion before the opposing party filed a motion for summary judgment. There is no stipulation for dismissal (the defendant adamantly opposes the motion). The plaintiff may not dismiss her case absent a court order.

Rule 41(a)(2) states:

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

This court has two options. It may either grant the defendant's unopposed summary judgment motion and dismiss the case, or it may grant the plaintiff's motion and dismiss the case. The case will be dismissed either way. The defendant objects to the latter option, however; it says in its opposition to the motion to dismiss that the court "should not permit the Plaintiff to dismiss the case in order to avoid summary judgment and after [the defendant] has spent significant legal fees and costs in order to respond to discovery requests, to oppose a petition for payment of unreasonable fees, and to prepare and file a summary judgment motion that disposes of this case." Dkt. No. 40 at 2. While it does not say so directly, the court infers that the defendant wants the court to dismiss the case with prejudice.

The court will deny the plaintiff's motion to dismiss, grant the defendant's motion for summary judgment and dismiss the case with prejudice. Although the court is awarding the plaintiff's counsel attorney's fees associated with the motion to compel based on the defendant's delay in providing the recordings and its belated explanation for that failure, it agrees with the defendant that the plaintiff's abrupt and unexplained request to

dismiss the case after over a year of litigation—after discovery has closed, after the defendant has produced significant discovery, after the plaintiff has deposed the defendant's corporate representative, after the defendant has filed a motion for summary judgment and supporting materials and after the plaintiff has sought three modifications of the scheduling order—does not warrant dismissal without prejudice. The plaintiff has provided no explanation for why, at this late stage, she is seeking voluntary dismissal, nor has she explained why the court should dismiss the case without prejudice after her extensive litigation. Under these circumstances, voluntary dismissal is not proper, nor is dismissal without prejudice.

## IV. Conclusion

The court **CONSTRUES** the defendant's Response in Opposition to Plaintiff's Fee Petition as a Rule 54(b) motion to reconsider. Dkt. No. 32. The court **DENIES** the defendant's Rule 54(b) motion to reconsider. Dkt. No. 32.

The court **GRANTS** the plaintiff's Fee Petition. Dkt. No. 27. The court **AWARDS** the plaintiff $2,512.50 in attorney's fees.

The court **GRANTS** the defendant's Motion for Summary Judgment. Dkt. No. 21.

The court **DENIES** the plaintiff's Motion to Dismiss. Dkt. No. 39.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of June, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**